IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | Criminal No.: ELH-13-0299 |
| LOVELL OFFER | * | |

\* \* \* \* \* \* \*

**MOTION TO SUPPRESS EVIDENCE OBTAINED
BY ELECTRONIC SURVEILLANCE AND INTERCEPTION BY WIRE**

Defendant, Lovell Offer, by his attorney John G. Sakellaris, in accordance with Fed. R. Crim. P. 12(b)(3), 18 U.S.C. §3504 and 18 U.S.C. §2518(10)(a), moves to suppress the admission of all evidence obtained by the interception of wire, electronic surveillance and oral communications.

Although this motion is being filed by and on behalf of Defendant, nothing contained herein should be treated as an admission that he is a party to the recorded conversations. He specifically denies being one of the persons that were recorded.

**STANDING**

18 U.S.C. §2518(10)(a) permits any "aggrieved person" to move to suppress evidence derived from electronic surveillance. 18 U.S.C. §2510(11) defines "aggrieved person" as "a person who was a party to any interested wire, oral or electronic communication or a person against whom the interception was directed." Discovery material provided by the Government reveals that the Defendant's wire communications were intercepted without a court order. For that reason, Defendant is an "aggrieved person" within the meaning of 18 U.S.C. §2510(11), and may therefore move to suppress the contents of such wire communication intercepts.

Similarly, the recorded conversations were made without his knowledge or consent. Thus, they were made illegally under the Maryland Wiretapping and Electronic Surveillance law. Md. Cts. & Jud. Proc. §§ 10-401 – 10-414.

For the reasons set forth in this memorandum, the wire communications of Defendant Lovell Offer, were unlawfully intercepted, without an Order Authorizing the Interception of Wire Communications, and without the consent of all of the parties to the communications.

## FACTUAL BACKGROUND

A review of the discovery materials provided to date by the government reveals that on April 24, 2012, at approximately 7:00 p.m., four Anne Arundel County police detectives, namely DFC E. Newton, DFC R. Holby, TFO Crosby, and TFO Majors, were contacted by an alleged confidential information ("CI") and advised that Defendant was selling a rifle. The CI allegedly called Defendant and the police recorded that telephone conversation. Thereafter, the CI allegedly met with Defendant. After driving to a different location, Defendant allegedly sold a 22-caliber rifle to the CI. The CI was wearing a camera and a transmitting microphone. Those conversations were monitored and recorded by the police officers.

The police officers did not obtain a prior court order for the electronic surveillance.

## ARGUMENT

Although it may be constitutionally permissible, as well as lawful under the federal wiretap statute, to intercept and record conversations where at least one party has consented, the Maryland wiretap statute specifically prohibits such recordings without the consent of all parties. This observation has been set forth by the Maryland Court of Appeals in *Derry v. State*, 358 Md. 325, 748 A.2d 478, 487-488 (2000) when it stated as follows:

> For instance, while it is both constitutionally permissible, see *Lopez v. United States*, 373 U.S. 427, 438-40, 83 S.Ct. 1381, 1387-89, 10 L.Ed.2d 462 (1963), as well as lawful under Title III, *see* 18 U.S.C. § 2511(2)(c) and (d), to intercept and record a conversation as long as at least one party consents to such and the purpose for such is not otherwise unlawful, the Maryland Act generally requires the prior consent of all parties to a conversation in order for any interception or recording thereof to be lawful, *see* § 10-402(c)(3).

Since the Anne Arundel County police did not obtain a prior court order and, in fact, obtained the electronic surveillance unlawfully, such surveillance and its fruits should be suppressed by this Court. Rewarding police officers for committing violations of state law should not be condoned by this Court.

The Defendant seeks a suppression of all electronic communications which were obtained as a result of the incidents described herein.

/s/ *John G. Sakellaris*
John G. Sakellaris, Fed. Bar No. 00601
1622 The World Trade Center
401 East Pratt Street
Baltimore, Maryland 21202
Tel: (410) 685-1520
Fax: (410) 685-3453
Email: jsak@jgsakellarislaw.com

Attorney for Defendant, Lovell Offer

**REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's Motion.

/s/ *John G. Sakellaris*
John G. Sakellaris

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2013, a copy of the foregoing Motion to Suppress Evidence Obtained by Electronic Surveillance and Interception by Wire was electronically filed and served on all counsel of record.

/s/ *John G. Sakellaris*
John G. Sakellaris